February 28, 1996 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

 

No. 95-1642

ASOCIACI N DE MAESTROS DE PUERTO RICO,

Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent.

 

No. 95-1740
NATIONAL LABOR RELATIONS BOARD,

Petitioner,

v.

ASOCIACI N HOSPITAL DEL MAESTRO, INC., ET AL.,

Respondent.

 

ON PETITIONS FOR REVIEW AND ENFORCEMENT OF AN ORDER

OF THE NATIONAL LABOR RELATIONS BOARD

 

Before

Selya, Cyr and Boudin,

Circuit Judges. 

 

Zaida Prieto Rivera, with whom Cancio, Nadal, Rivera & Diaz was 
on brief for Asociacion de Maestros de Puerto Rico.
Fred L. Cornnell, with whom Frederick L. Feinstein, General 
Counsel, Linda Sher, Associate General Counsel, and Aileen A. 
Armstrong, Deputy Associate General Counsel, were on brief for NLRB. 

 

 

2

Per Curiam. Asociaci n de Maestros de Puerto Rico Per Curiam. 

("AMPR") petitions for review of a National Labor Relations Board

order which determined that AMPR and Asociaci n Hospital del

Maestro, Inc. ("the Hospital") constitute one employer under the

so-called "single employer" doctrine. See Penntech Papers, Inc. 

v. NLRB, 706 F.2d 18, 25 (1st Cir.), cert. denied, 464 U.S. 892 

(1983). In the companion case, the National Labor Relations

Board applies for enforcement.

As the record discloses substantial evidentiary support

for the "single employer" finding; see 29 U.S.C. 152(2) (Supp. 

1995); Penntech Papers, Inc., 706 F.2d at 22-25, and the Board's 

subsidiary findings are not challenged,1 we uphold the "single

employer" ruling, dismiss the petition for review in No. 95-1642,

and direct enforcement of the Board's order. 

SO ORDERED. See Loc. R. 27.1 (1st Cir.). SO ORDERED 

 

1We note, nonetheless, that whether the "single employer"
label fits may well depend in some measure on the nature of the
underlying unfair labor practice claim. In the present case, the
dispute concerned whether financial information about one company
should be disclosed in connection with collective bargaining
between the other company and its union. We have little diffi-
culty in concluding that the relationship between these compa-
nies, viewed in light of this unfair labor practice claim,
afforded ample basis for the Board order. Whether the same
result should obtain in the context of a different unfair labor
practice claim need not be decided.

3